IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CHOICE HOTELS INTERNATIONAL, INC.   :
                                :

    v.                              : Civil Action No. DKC 25-311

                                :
NY HOSPITALITY, LLC, et al.   :

**MEMORANDUM OPINION**

Plaintiff Choice Hotels International, Inc. ("Plaintiff") filed a motion for default judgment to confirm an Arbitrator's award in its favor against Thang Dac Huynh and Loan H. Do ("individual Defendants"). (ECF No. 8). Individual Defendants have filed no response and the time to do so is now expired. For the following reasons, the motion will be granted without a hearing. Local Rule 105.6.

**I. Background**

Plaintiff filed a Complaint to confirm an arbitration award against NY Hospitality, LLC, Thang Dac Huynh and Loan H. Do on January 31, 2025. (ECF No. 1). The Arbitration Award, attached to the Complaint and dated August 23, 2024, recites that after an evidentiary hearing on June 12, 2024, the Arbitrator found that NY Hospitality, LLC breached the Franchise Agreement between it and Plaintiff causing damages of $193,543.27 consisting of $112,795.77 in delinquent monthly franchise related fees, $20,732.50 in liquidated damages, $50,000 in interest, $3,300 in the

administrative fees and expenses of the American Arbitration Association, and $6,715 for the Arbitrator's fee.  Individual Defendants Thang Dac Huynh and Loan H. Do breached the Guaranty and are jointly or severally responsible for payment of the amounts owing by NY Hospitality, LLC.[1]

Plaintiff dismissed NY Hospitality, LLC without prejudice on May 22, 2025.  (ECF No. 4).  The same date, Plaintiff filed proofs of service indicating that the individual Defendants were served on May 10, 2025.  (ECF No. 5).  When, by August 6, 2025, neither individual Defendant filed a response to the Complaint, the court issued an Order directing Plaintiff either to serve a motion for the entry of default on the individual Defendants or to submit a report as to why such motion would be inappropriate.  (ECF No. 6).  Plaintiff filed motions for the entry of default and for default judgment against the individual Defendants on August 6, 2025.  (ECF Nos. 6, 7).  Although the Certificate of Service indicates that copies of the motions were mailed to the individual Defendants on August 7, 2025, they failed to respond.  (ECF No. 7).

The Clerk entered default against the individual Defendants on September 2, 2025, for want of answer or other defense (ECF No. 10) and issued a Notice advising each individual Defendant that a motion to vacate the order of default could be filed within thirty

---

[1] The arbitration award indicates that the individual Defendants failed to appear after due notice.  (ECF No. 1-2 at 1).

(30) days.  (ECF Nos. 11, 12).  The individual Defendants failed to file a motion to vacate the entry of default.

## II. Motion for Default Judgment

A defendant's default does not automatically entitle the plaintiff to the entry of a default judgment; rather, that decision is left to the discretion of the court.  *See Dow v. Jones*, 232 F.Supp.2d 491, 494 (D.Md. 2002).  The United States Court of Appeals for the Fourth Circuit has a "strong policy" that "cases be decided on their merits," *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993), "but default judgment may be appropriate when the adversary process has been halted because of an [] unresponsive party," *SEC v. Lawbaugh*, 359 F.Supp.2d 418, 421 (D.Md. 2005).

Upon entry of default, the well-pled allegations in a complaint as to liability are taken as true, but the allegations as to damages are not.  *Id.* at 422.  Fed.R.Civ.P. 54(c) limits the type of judgment that may be entered based on a party's default: "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."  Thus, where a complaint specifies the amount of damages sought, the plaintiff is limited to entry of a default judgment in that amount.  "[C]ourts have generally held that a default judgment cannot award additional damages . . . . because the defendant could not reasonably have expected that his damages would exceed that amount." *In re Genesys Data Techs., Inc.*, 204 F.3d 124, 132 (4th Cir. 2000).

3

Plaintiff's Complaint for confirmation of the arbitration award and motion for default judgment both request the entry of judgment in the amount of $193,543.27 plus costs of this action.[2] (ECF Nos. 1, 8).

Where default judgment is sought with respect to an application for confirmation of an arbitration award, the petitioner "must show that it is entitled to confirmation of the arbitration award as a matter of law." *United Cmty. Bank v. Arruarana*, 2011 WL 2748722, at *2 (W.D.N.C. July 13, 2011) (citing *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 109–10 (2d Cir. 2006); *McColl Partners, LLC v. DME Holdings, LLC*, 2011 WL 971575, at *1 (W.D.N.C. Mar. 17, 2011)). As set forth in 9 U.S.C. § 9:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

The arbitration clause in the parties' Franchise Agreement provides, in part, that "any controversy or claim arising out of

---

[2] Plaintiff requests $400 in costs in the Complaint and requests $405 in costs in its motion for default judgment. A filing fee of $405 was paid to initiate this action and will be awarded.

or relating to this Agreement or any other related agreements, or the breach of this Agreement . . . will be sent to final and binding arbitration" and that "[J]udgment on the arbitration award may be entered in any court having jurisdiction." (ECF No. 1-1 ¶ 21). Pursuant to the arbitration clause, the arbitration award was determined on August 23, 2024. (ECF Nos. 1-2 at 3, 8-2). Thus, Plaintiff properly filed its Complaint with this court within one year after the award was made, and an order confirming the award must be granted unless the award is vacated, modified, or corrected.

Section 10 of the Federal Arbitration Act allows for vacatur of an award:

> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a). Additionally, the court may vacate an arbitration award "if the arbiter acted in manifest disregard of law." *Apex Plumbing Supply, Inc. v. U.S. Supply Co., Inc.*, 142

F.3d 188, 193 (4th Cir. 1998). The scope of review of an arbitrator's award is strictly limited to avoid frustrating the fundamental purpose of arbitration – *i.e.*, quick dispute resolution and avoidance of the expense and delay of court proceedings – and the burden of proof is on the party challenging the award to clearly establish one of the grounds for vacating the award. *Jih v. Long & Foster Real Estate, Inc.*, 800 F.Supp. 312, 317 (D.Md. 1992).

By failing to answer or otherwise respond either to Plaintiff's Complaint or to the motion for default judgment, the individual Defendants have not demonstrated any ground for vacating the award. The Arbitrator issued the award after finding that the individual Defendants each signed a Personal Guaranty for joint and several liability in the event that NY Hospitality, LLC defaulted on the Franchise Agreement between it and Plaintiff. There is no evident reason why the award should not be confirmed against the individual Defendants. Accordingly, Plaintiff's application for confirmation of the arbitration award and Plaintiff's motion for default judgment in the amount of $193,543.27 plus $405.00 for the costs of this action will be granted.

A separate order follows.

                                                         /s/
                                     DEBORAH K. CHASANOW
                                     United States District Judge